658 P.2d 807

The STATE of Arizona, Appellee,

v.

Pete Tony ARAGON, Appellant.

No. 2 CA–CR 2507.

Court of Appeals of Arizona,
Division 2.

April 19, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Barry J. Baker Sipe, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant was tried in absentia and found guilty by a jury of one count of aggravated assault, dangerous and non-repetitive, a class three felony. He was sentenced to 7½ years' imprisonment.

The sole point raised in this appeal is whether the trial in absentia denied appellant his fundamental guarantees of confrontation and due process of law. We think not and affirm.

Arizona Rules of Criminal Procedure, rule 9.1, provides:

"Except as otherwise provided in these rules, a defendant may waive his right to be present at any proceeding by voluntarily absenting himself from it. The court may infer that an absence is voluntary if the defendant had personal notice of the time of the proceeding, his right to be present at it, and a warning that the proceeding *would* go forward in his absence should he fail to appear." (Emphasis added)

In *State v. Tacon,* 107 Ariz. 353, 488 P.2d 973 (1971), cert. dis. 410 U.S. 351, 93 S.Ct. 998, 35 L.Ed.2d 346 (1973), the court stated:

"In order for a defendant to make a knowing and intelligent waiver of his right to be present at the trial, he must be aware that the trial *will* proceed without him if he fails to appear." 107 Ariz. at 355, 488 P.2d at 975. (Emphasis added)

The conditions of release and order which appellant signed said that the proceedings "may" be held without him. Since he was not warned that the proceedings "would" or "will" be held without his presence, he claims he did not knowingly and intelligently waive his right to be present. We do not agree. The use of the word "would" in the rule does not connote a certainty. It does not mean that the court must proceed without him. It merely expresses a possibility or contingency and the appellant was made well aware of this contingency by the use of the word "may."

Our review of the record for fundamental error reveals none. The judgment of conviction and the sentence are affirmed.

BIRDSALL and HATHAWAY, JJ., concur.