813 P.2d 722

**In the Matter of a Member of the State Bar of Arizona, Nile Baker SMITH, Respondent.**

**No. SB–91–0014–D.**

Supreme Court of Arizona, En Banc.

June 20, 1991.

---

Nile Baker Smith, pro se.

State Bar of Arizona by Harriet L. Turney, Chief Counsel, Phoenix, for State Bar.

## OPINION

CAMERON, Justice.

### I. JURISDICTION

The Disciplinary Commission of the Supreme Court of Arizona (Commission) recommended that respondent, Nile Baker Smith, be permanently disbarred from the practice of law, make restitution of $9,726.00 to 21 former clients, and pay costs in the amount of $4,010.36 to the State Bar of Arizona (Bar). We have jurisdiction pursuant to 17A A.R.S. Sup.Ct. Rules, rule 53(e).

### II. FACTUAL AND PROCEDURAL HISTORY

Respondent practiced law in Phoenix, Arizona, and then left the state to places unknown. He made no arrangements for anyone to take over his practice and clients' efforts to reach him were futile. The Bar filed two complaints of professional misconduct against respondent. The first complaint, filed in January 1989, charged respondent with three counts of misconduct. The second complaint, filed in August 1989, charged respondent with 31 counts of misconduct. Respondent had previously received four informal reprimands and was censured in 1988, ordered to pay costs, and make restitution. To date, respondent has paid neither restitution nor costs.

On 15 September 1989, Bar Counsel wrote to respondent at an Indiana address. The letter contained copies of the two complaints, an acceptance of service form, and a consent to disbarment form. The letter explained the procedure and reasons for consenting to disbarment. In a letter dated 6 January 1990, respondent made an offer of settlement that included full restitution to his clients, payment of all expenses of the proceedings, suspension from the practice of law for five years, and a promise from the State Bar of Arizona that it would not jeopardize his efforts to seek a license in any other jurisdiction. We believe, as did the Commission, that this letter shows that respondent had notice of the proceedings and failed to appear and defend the charges.

The complaints, taken together, charge respondent with numerous counts of taking retainer fees, doing little or no work, and then abandoning the cases. In four separate instances, respondent was held in contempt for failing to appear at a hearing. In two counts, respondent misappropriated clients' money or property. In March 1988, the Bar obtained an order placing respondent on interim suspension for non-payment of dues. A conservator was appointed to handle his cases.

The Hearing Committee (Committee) met on 26 January 1990, and made the following recommendations:

> Based upon the record before it and the allegations of the Formal Complaint which are taken as true, the Committee recommends that the Respondent, Nile Baker Smith, be permanently disbarred for violations of ER 1.2(a), 1.3, 1.4, 1.15(b), 1.16(d), 7.2(e)(1), 8.1(b), 8.4(c), 8.4(d) and Rules 51(h) and (i), Rules of the Supreme Court.

The Committee also recommended that respondent be assessed costs and ordered to pay restitution. The Commission approved of the Committee's recommendations, as do we.

### III. SANCTIONS

■ In disciplinary proceedings, this court is the ultimate trier of fact and law, clear and convincing evidence is the standard of proof, and the Bar's recommendations are seriously considered. *In re Cardenas,* 164 Ariz. 149, 151, 791 P.2d 1032, 1034 (1990) (citation omitted). The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (Standards) are a "useful tool in determining the

proper sanction to [apply]." *Cardenas,* 164 Ariz. at 152, 791 P.2d at 1035.

 Because respondent failed to answer the complaint, all charges are deemed admitted. *In re Galusha,* 164 Ariz. 503, 504, 794 P.2d 136, 137 (1990); 17A A.R.S. Sup.Ct. Rules, rule 53(c)(1). After reviewing the record, we believe that the charges have been proven by clear and convincing evidence.

 The purpose of disciplining lawyers is to protect the public and the administration of justice. *See Standards* 1.1. The *Standards* provide that when imposing sanctions, the court should consider the following: (a) the duty violated, (b) the lawyer's mental state, (c) the potential or actual injury caused by the lawyer's misconduct, and (d) the existence of aggravating or mitigating factors. *In re Anderson,* 163 Ariz. 362, 365, 788 P.2d 95, 98 (1990); *Standards* 3.0. According to *Standard* 4.41 (lack of diligence), disbarment is generally appropriate when:

> (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
>
> (b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or
>
> (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

 The comments to *Standard* 4.41 state that disbarment is appropriate in cases in which the lawyer abandons his practice, leaves his clients completely unaware that they have no legal representation, and fails to perform services for his clients. Respondent took fees from clients, did little or no work, and then abandoned his practice. He left his practice, and the state, without notifying anyone or making arrangements for someone to take over his cases. Thus, we hold that *Standard* 4.41 applies to this case.

As in *Galusha,* respondent has a chronic history of misconduct. *See* 164 Ariz. at 505, 794 P.2d at 138. Respondent has failed to cooperate with Bar Counsel and has failed to respond to requests for information. This shows "a disregard for the Rules of Professional Responsibility and borders on contempt for the legal system." *Id.* We hold that disbarment is the only appropriate sanction for this respondent.

## IV. DISPOSITION

We order that respondent be permanently disbarred, pay costs to the State Bar in the amount of $4,010.36, and pay restitution in the amount of $9,726.00.

GORDON, C.J., FELDMAN, V.C.J., and MOELLER and CORCORAN, JJ., concur.