814 P.2d 777

**In the Matter of a Member of the State Bar of Arizona, James B. FEELEY, Respondent.**

**No. SB–88–0063–D, Disc.Comm. No. 87–0162.**

Supreme Court of Arizona, En Banc.

July 25, 1991.

Stewart & McLean, Ltd. by Harry A. Stewart, Jr., Phoenix, for respondent.

State Bar of Arizona by Harriet L. Turney, Chief Bar Counsel, Jonathon Yarger, Staff Bar Counsel, Phoenix, for State Bar.

## OPINION

CAMERON, Justice.

## I. JURISDICTION

Respondent, James B. Feeley, appeals a decision of the Disciplinary Commission of the Supreme Court of Arizona (Commission) recommending that he be suspended from the practice of law for six months, that as a condition precedent to reinstatement he pay restitution to his client, and ordering him to pay costs of $2,152.60 to the State Bar of Arizona (Bar). We have jurisdiction pursuant to 17A A.R.S. Sup.Ct. Rules, rule 53(e).

## II. FACTUAL AND PROCEDURAL HISTORY

The facts of the violation are not in dispute. In March 1984, Mr. and Mrs. Frederick Aldorasi (the Aldorasis) retained respondent, who had been in practice since 1969, to bring suit against five defendants. Respondent failed to act diligently and the trial court dismissed the matter for failure to follow procedural rules. In December 1985, the Aldorasis contacted respondent. He did not tell them that the matter had been dismissed, but instead told them that the case was set for trial. Respondent followed up with a letter confirming the trial date. On 9 January 1986, respondent told the Aldorasis that the trial date was vacated and that the judge decided to dispose of the case by summary judgment pursuant to rule 56, Arizona Rules of Civil Procedure. When the Aldorasis independently reviewed court records and discovered that the matter had been dismissed, they sued respondent and obtained a $50,000 settlement. Respondent paid the Aldorasis $5,000 and gave them a fourth position deed of trust on his home. The first lien holder foreclosed on the home, causing the Aldorasis to lose their security interest.

When respondent defaulted on the settlement, the Aldorasis again filed suit and obtained a $45,000 judgment. The Aldorasis then filed a complaint with the Bar.

The Bar filed a complaint against respondent on 2 March 1988, alleging in two counts that he had violated the Rules of Professional Conduct, rule 42, Ariz.Sup.Ct. Rules, particularly, Ethical Rules (ERs) 1.1 (Competence), 1.3 (Diligence), 1.4(a) (Communication), and 8.4(c) (Misconduct). After a hearing on 1 June 1988, the Hearing Committee (Committee) recommended respondent's suspension for six months, conditioning reinstatement on paying the Aldorasis' $45,000 judgment against him. The Commission adopted this recommendation. The matter was filed in this court and, upon respondent's and Bar counsel's stipulation, the matter was returned to the Committee to consider additional aggravating and mitigating evidence. By this time respondent had retained counsel.

At the Committee hearing held on 12 September 1989, respondent relied on the testimony of Dr. Francis Enos, a psychologist, who testified that respondent suffered from "mixed dominance," which results from forcing a naturally left-handed person to function as a right-handed person. Dr. Enos' testimony, however, did not show that "mixed-dominance" caused respondent's behavior. The Committee continued the hearing to allow Bar counsel and respondent additional time to obtain financial information. On 2 August 1990, the Committee met and heard evidence and made the following findings:

1. At the last previous hearing before this Committee on September 12, 1989, Respondent (by then represented by experienced counsel) expressed a commitment to satisfy the judgment obtained against him by his former clients, Frederick and Doris Aldorasi ("Aldorasis"). The Committee made it crystal clear that this issue had become very important in the Committee's assessment of how seriously Respondent was treating the whole disciplinary process.

2. At the September 12, 1989, hearing, Respondent presented the Aldorasis with

a check in the amount of $10,000, which represented partial satisfaction of the judgment.

3. In October 1989, Respondent paid the Aldorasis another $1,000.

4. Other than the two payments mentioned above, no further payments have been made or tendered by Respondent to the Aldorasis. Nothing.

5. During the last three calendar years, Respondent's gross fee revenues from his law practice have totalled the following:

| 1987 | $198,927.93 |
| 1988 | 187,389.76 |
| 1989 | 198,619.01 |

6. During the last three calendar years, Respondent's law practice statements of income reflect that $57,052.90 of the fee revenues have been spent on a "show truck", said costs being deducted as a "professional expense".[1] During those same three years, Respondent had maintained a membership in an athletic club.

7. The income statements prepared by Respondent's certified public accountant and the financial statements prepared at the request of the State Bar both reflect that Respondent had sufficient funds available to make substantial payments to the Aldorasis in satisfaction of the judgment. Even Respondent acknowledged that he *could* have made *some* payment. (Emphasis in the original).

The largest amount that the Aldorasis received at any one time was $23,400 from the attachment and sale of respondent's 1984 Porsche 928. The Committee declined to mitigate the original discipline and recommended that it should be modified as follows:

The six month suspension should commence 90 days after the Supreme Court issues its mandate in this matter. That will give Respondent every reasonable opportunity to pay off the Aldorasi judgment. If the judgment is satisfied prior to the expiration of the six months suspension, and evidence of the satisfaction is received by the State Bar prior to that time, the suspension will expire at the end of the six months period. If the judgment is not paid by that time, the Committee recommends that the respondent be suspended for one year.

The Commission agreed with the Committee as to its findings of fact and conclusions of law, but disagreed with the sanction. The Commission recommended the six month suspension and that respondent pay restitution to the Aldorasis. Further, the Commission recommended payment of the restitution as a condition precedent to reinstatement.

## III. DISCUSSION

■ As noted above, respondent is charged with violating ERs 1.1 (Competence) and 1.3 (Diligence) in failing to take action to set aside the dismissal of the Aldorasis' lawsuit and to protect their rights, 1.4(a) (Communication) in failing to keep the Aldorasis informed about the status of their lawsuit, and 8.4(c) (Misconduct) in misrepresenting to the Aldorasis that the lawsuit had been set for trial, when respondent knew that it had been dismissed.

■ Reviewing the record as the trier of fact and seriously considering the Bar's recommendation, we believe that there is clear and convincing evidence, *see In re Cardenas*, 164 Ariz. 149, 151, 791 P.2d 1032, 1034 (1990), that respondent violated the ethical rules enumerated above. Thus, we need only determine the sanction to apply. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (Standards) are a "useful tool in determining the proper sanction to [apply]." *Cardenas*, 164 Ariz. at 152, 791 P.2d at 1035. *Standard* 4.42 recommends suspension when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

Because respondent was negligent, lacked diligence, and failed to comply with

---

1. The "show truck" was used in "business promotion," from which we assume it was used to advertise respondent's law practice.

appropriate court rules, his clients' lawsuit was dismissed. Therefore, *Standard* 4.42 applies to this matter. In addition, *Standard* 4.62 applies in this case and recommends suspension when a lawyer knowingly deceives a client, causing him injury or potential injury. As stated previously, respondent falsely told the Aldorasis that their suit had been set for trial although it had already been dismissed.[2]

Respondent objects to the Commission's recommendation of suspension with reinstatement predicated upon his paying restitution to the Aldorasis, claiming that this type of order makes the Commission a collection agency. We do not agree. Bar discipline is not designed to punish the lawyer, but to protect the public. *See In re Anderson,* 163 Ariz. 362, 365, 788 P.2d 95, 98 (1990) and *Standard* 1.1. When the facts indicate that the Bar can help clients recover money owed to them as a result of a lawyer's professional misconduct, both the client and the public are served.

Respondent's argument that this is "an invalid and improper disciplinary action" is without merit. Rule 71(c), Ariz.Sup.Ct. Rules, states in part:

> a lawyer suspended for six months or less ... may ... file ... an affidavit in lieu of an application for reinstatement, alleging that he has *fully complied with requirements of the suspension judgment,* and paying any required fees, costs and expenses. (Emphasis added).

This court has previously conditioned reinstatement upon making restitution to former clients. *See, e.g., In re Zang,* 154 Ariz. 134, 153, 741 P.2d 267, 286 (1987) (reinstatement predicated upon restitution found "eminently proper"). Other jurisdictions have also placed conditions upon reinstatement. *See, e.g., People v. Montano,* 744 P.2d 480, 482 (Colo.1987) ("as a condition of reinstatement, respondent [is] required to show that he has made restitution as required by the second disbarment order of the Arizona Supreme Court"); *In re Inglis,* 471 So.2d 38, 39 (Fla.1985) (reinstatement criteria includes "compliance with any conditions imposed"); *Matter of Discipline of Rued,* 390 N.W.2d 281, 282 (Minn.1986) ("in no event shall respondent be reinstated until he has filed proof that ... he made full restitution").

Respondent has not made a good faith effort to repay the amount owed to the Aldorasis. Therefore, conditioning reinstatement upon the repayment of funds owed to a client is not only permissible, but it is warranted under the facts of this case.

## IV. DISPOSITION

Respondent is ordered suspended from the practice of law for six months. He must pay $2,152.60 in costs to the State Bar, and shall not be readmitted until he has made complete restitution to the Aldorasis.

GORDON, C.J., FELDMAN, V.C.J., and MOELLER and CORCORAN, JJ., concur.

---

2. We note that in *In re Zang,* 166 Ariz. 426, 803 P.2d 419 (1990), a respondent was disbarred for a similar violation. In *Zang,* however, respondent had other complaints lodged against him and had been previously disbarred. This case is void of such aggravating circumstances.