816 P.2d 231

**In the Matter of a Member of the State Bar of Arizona, Alex Abbott GAYNES, Respondent.**

**No. SB–91–0016–D.**

Supreme Court of Arizona, En Banc.

Sept. 5, 1991.

Alex Abbott Gaynes, pro se.

State Bar of Arizona by Harriet L. Turney, Chief Bar Counsel, Phoenix, for State Bar.

### OPINION

CAMERON, Justice.

### I. JURISDICTION

The Disciplinary Commission of the State of Arizona (Commission) recommended that Alex Abbott Gaynes (respondent) be disbarred from the practice of law, pay resti-

tution to his client in the amount of $1958.00, plus interest at the legal rate accruing from 1 September 1981, and pay costs in the amount of $1659.60 to the State Bar of Arizona (Bar). Because respondent failed to appeal the Commission's recommendation, the Bar submitted this matter for review on the record. *See* Ariz. Sup.Ct.Rules, rule 53(e). We have jurisdiction pursuant to 17A A.R.S.Ariz.Sup.Ct. Rules, rule 53(e).

## II. FACTS

On 1 December 1989, the Bar filed a complaint against respondent charging him with three counts of ethical violations.

### 1. Count One

Count one stemmed from respondent's representation of Charles Ashby (Ashby) and charged respondent with violating the Rules of Professional Conduct, rule 42. He was charged with failure to communicate with his client, failure to diligently and competently pursue his client's case and failure to respond to the Bar's inquiries.[1] In 1984, Ashby retained respondent to pursue a wrongful death claim in connection with his wife's death. Respondent told Ashby that the legal matter would be "wrapped up" by the end of January 1987. Ashby wrote respondent three letters dated 1 March, 24 April and 30 May 1987, requesting a status report. Respondent finally answered and informed Ashby that he would "attempt to reach a conclusion" of the legal matter by June 1987. When the legal matter was not resolved, Ashby again wrote numerous letters to respondent. Notwithstanding Ashby's numerous letters and phone calls, respondent has not communicated with him since June 1987. As of 12 January 1990, respondent had not checked on the status of Ashby's case.

### 2. Count Two

Count two stemmed from respondent's representation of Jean and Craig Anderson (the Andersons) and charged respondent with violating the present Rules of Professional Conduct, rule 42, and the former Code of Professional Responsibility, rule 29(a). He was charged with a conflict of interest in representing two clients in the same case, failure to diligently and competently pursue his client's case, failure to communicate with his client, failure to remit funds owing to his client and failure to respond to the Bar's inquiries concerning this matter.

The Andersons retained respondent to represent them when Jean was injured from a collapsed ceiling of their residence. State Farm Insurance (State Farm) paid for Jean's injuries under their homeowner's policy. In January 1981, State Farm retained respondent to pursue its subrogation interest in the Anderson award.

In April or May 1981, a jury awarded the Andersons $8,000 in a suit against the home builder and the plumber. State Farm has unsuccessfully attempted to communicate with respondent and as of 10 November 1990, respondent has refused to tender to State Farm its share of the monies due under the subrogation clause.

### 3. Count Three

Count three charged respondent with having been previously disciplined and failure to cooperate with the Bar. Respondent was censured on 25 September 1984, for failing to diligently represent and communicate with his client. Respondent was also given informal reprimands on 24 July 1989, and 14 February 1990, when he failed to respond to the Bar's requests for information on other complaints lodged against him.

## III. PROCEDURAL HISTORY

Respondent filed an answer to the Bar's complaint on 27 February 1990, seven days after the filing date. The Bar moved to strike the answer and to have the complaint deemed admitted pursuant to rule

---

1. Because respondent failed to answer or respond to the Bar's requests or inquiries concerning this matter, the Bar was forced to serve respondent with a subpoena to obtain the infor-

mation through his deposition. *See* Ariz.Sup.Ct. Rules, rule 55(g). The Bar also had to serve respondent with a subpoena to take his deposition in connection with count two.

53(c)(1). The State Bar Hearing Committee (Committee) ordered respondent to file a response to the Bar's motion. Because respondent failed to respond, the Committee ordered the complaint admitted.

The Committee held its hearing on 12 June 1990, and found that respondent violated ethical rules (ER) 1.1 (competence) and ER 1.2 (scope of representation) in failing to competently represent his clients, disciplinary rules (DR) 5–105 (conflict of interest) in simultaneously representing State Farm and the Andersons, DR 6–101 (failing to act competently), DR 7–101 (representing a client zealously), ER 1.3 (diligence) in failing to diligently represent his client, ER 1.4 (communication) in failing to communicate with his clients, DR 9–102 (preserving identity of funds and property of a client) in failing to give State Farm its monies owed under the subrogation clause, ER 8.1(b) (maintenance of integrity of the profession), and Supreme Court Rule 51(h) and (i) in failing to furnish information and cooperate with the Bar. The Committee recommended a six month and one day suspension.

The Bar filed its objection to the Committee's recommendation. Respondent filed neither an objection to the Committee's recommendation nor a response to the Bar's objections. The Commission adopted the Committee's findings of fact and conclusions of law, but rejected its recommendation of suspension recommending that respondent be disbarred.

## IV. DISCUSSION

In recommending the sanction of disbarment, the Commission found several aggravating factors and one mitigating factor. In aggravation, the Commission noted respondent's prior disciplinary history. Respondent had been censured on 25 September 1984, for lack of diligence and failure to communicate with clients. He received informal reprimands for failing to respond to the Bar's requests for information on 24 July 1989, and 14 February 1990. He failed to cooperate with the Bar's request for information, failed to respond to the Bar's subpoena, and failed to give State Farm its funds. In mitigation, the Commission noted that respondent represented unpopular criminal defendants. The Commission concluded that because of respondent's serious ethical violations, prior discipline for the same conduct and willful disdain for the disciplinary process, disbarment and not suspension was the proper sanction. Respondent was placed on interim suspension on 10 June 1991.

In disciplinary proceedings, this court is the ultimate trier of fact and law and gives serious consideration to the Committee's and Commission's reports and recommendations when exercising supervisory responsibilities over the Bar. *In re Galusha*, 164 Ariz. 503, 504, 794 P.2d 136, 137 (1990). Before imposing discipline, there must be clear and convincing evidence that respondent committed the alleged acts of misconduct. *In re Cardenas*, 164 Ariz. 149, 151, 791 P.2d 1032, 1034 (1990); rule 54(c). The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*Standards*) guides us in determining the proper sanction. *In re Fresquez*, 162 Ariz. 328, 334, 783 P.2d 774, 780 (1989).

## V. SANCTION

After reviewing the record, we conclude that clear and convincing evidence supports the allegations in the complaint. Moreover, respondent admitted the charges against him in failing to file an answer to the Bar's complaint. *Galusha*, 164 Ariz. at 504, 794 P.2d at 137; 17A A.R.S. Ariz.Sup. Ct.Rules, rule 53(c)(1). The record also supports the Commission's findings of aggravating factors.

Lawyers are disciplined to protect the public and to further the administration of justice. The purpose of the discipline is not to punish the respondent, but to deter others from the same misconduct. *In re Anderson*, 163 Ariz. 362, 365, 788 P.2d 95, 98 (1990); *see Standards* 1.1. When imposing sanctions, this court considers the following factors: (a) the duty violated, (b) the lawyer's mental state, (c) the potential or actual injury caused by the lawyer's misconduct, and (d) the existence of aggravating or mitigating factors. *Anderson*,

163 Ariz. at 365, 788 P.2d at 98; *Standards* 3.0.

Applying the factors to this case, we believe that disbarment is the appropriate sanction. Respondent violated ethical duties owed to his clients and the Bar. We have said that "[a]n attorney's most important ethical duties include those obligations owed to clients." *Galusha,* 164 Ariz. at 504, 794 P.2d at 137. Furthermore, *Standards* 4.41 provides for disbarment where, as here, an attorney "knowingly fails to perform services for a client," and "engages in a pattern of neglect" which "causes serious or potentially serious injury to the client." Disbarment is also appropriate when an attorney's conduct "demonstrates that [he] does not understand the most fundamental legal doctrines or procedures, and [such] conduct causes injury or potential injury to a client." *See Standards* 4.51. We agree with the Commission's recommendation that respondent should be disbarred. Respondent's pattern of behavior creates concern that neither his clients nor the general public will be protected if he is allowed to continue practicing law.

## VI. DISPOSITION

It is ordered that respondent be disbarred, pay restitution to State Farm in the amount of $1958.00, plus the legal rate of interest accruing from 1 September 1981, within thirty days from the date of this opinion and is also ordered to pay $1659.60 in costs to the Bar.

GORDON, C.J., FELDMAN, V.C.J., and MOELLER and CORCORAN, JJ., concur.