822 P.2d 947

**In the Matter of a Member of the State Bar of Arizona, Michael Andrew MULHALL, Respondent.**

**No. SB–91–0041–D.**

Supreme Court of Arizona,
En Banc.

Jan. 7, 1992.

Michael Andrew Mulhall, Phoenix, pro se.

State Bar of Arizona by Yigael M. Cohen, Bar Counsel, Phoenix, for State Bar.

OPINION

CAMERON, Justice.

## I. JURISDICTION

Michael Andrew Mulhall (Respondent), a member of the State Bar of Arizona (Bar), was charged with violating 17A A.R.S., Sup.Ct. Rules, rule 42, Rules of Professional Conduct (hereafter Ethical Rule (ER) ——). The Hearing Committee (Committee) found Respondent had violated the Rules and recommended disbarment. The Disciplinary Commission of the State of Arizona (Commission) agreed and recommended to this court that Respondent be disbarred. We have jurisdiction pursuant to Rule 53(e), 17A A.R.S. Sup.Ct. Rules.

## II. PREFACE

■ In disciplinary proceedings, this court is the ultimate trier of fact and law. The case against Respondent must be proved by clear and convincing evidence, and the Bar's recommendations are seriously considered. *In re Cardenas*, 164 Ariz. 149, 151, 791 P.2d 1032, 1034 (1990). We view the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1984) (*Standards*) as a "useful tool in determining the proper sanction to [apply]." *Cardenas*, 164 Ariz. at 152, 791 P.2d at 1035.

■ Respondent first answered the Bar's complaint by claiming that he was unable to assist in his defense due to mental and physical incapacity. The Committee recommended that Respondent be transferred to disability inactive status pending determination of his capacity. Although Respondent made numerous assurances to the Committee that he would send records substantiating his claim of incapacity, he failed to do so. The Committee therefore proceeded to hear the allegations set forth in the complaint. The Bar's counsel presented testimony from three witnesses. Respondent was properly notified of the subsequent hearing before the Commission, but failed to appear. The record shows that he failed to take any action to contest the matter. Accordingly, the com-

plaint was properly deemed admitted. *See* Ariz. Sup.Ct. Rules, rule 53(c)(1); *In re Smith,* 168 Ariz. 357, 813 P.2d 722 (1991); *In re Galusha,* 164 Ariz. 503, 504, 794 P.2d 136, 137 (1990).

### III.   FACTS

■ Respondent was charged with fifteen counts of unethical conduct occurring over a three year period and causing injury to three separate clients. The first nine of the fifteen counts involve Respondent's representation of a couple and their business.[1] The clients retained Respondent to represent them in 1985 and 1986 in actions filed against them and their business as well as in actions they had filed against third parties.

Respondent violated Ethical Rule (ER) 1.2(a) (Scope of Representation), by entering into a stipulation for judgment on behalf of his clients without their consent.

On four occasions Respondent violated ER 1.3 (Lack of Diligence) by failing to respond or appear on behalf of his clients, causing default judgments to be rendered against them or dismissal of their suits pending against third parties.

On one occasion Respondent violated ER 1.4 (Failure to Communicate) by failing to inform the husband of a debtor's examination at which the husband was required to appear. As a result, the husband was arrested pursuant to a warrant issued at that hearing.

Respondent violated more than one Ethical Rule in the remaining incidents. Respondent represented the clients in an action by an accountant to collect for services rendered. An arbitration hearing was set to resolve the issue. Respondent failed to inform his clients of the arbitration hearing and he himself failed to attend. At the hearing an award of $4,827.21 plus $900 in attorney's fees and $205.25 in costs was entered against the clients. Respondent thus violated ER 1.3 (Lack of Diligence) and ER 1.4 (Failure to Communicate).

Respondent failed to attend meetings, file papers and keep his clients reasonably informed about matters involving the United States Internal Revenue Service, thereby violating ER 1.3 (Lack of Diligence) and ER 1.4 (Failure to Communicate).

Respondent failed to respond to the Bar's letter dated April 13, 1987 requesting a written response to the eight preceding charges of misconduct. This violated ER 8.1(b), (Failure to Disclose), and Rules 51(h) (Failure to Furnish Information) and 51(i) (Failure to Cooperate).

Counts ten through twelve involve Respondent's representation of a small business and its owners. Respondent successfully represented the business and its owners in an action in early 1987 and informed his clients that he would represent them in two additional suits. Thereafter Respondent failed to appear on behalf of his clients or communicate with them regarding either suit, and default judgments were rendered against them in the amounts of $25,059.50 and $4,951.18. Respondent again violated ER 1.3 (Lack of Diligence) and ER 1.4 (Failure to Communicate).

Following the two suits in which Respondent failed to adequately represent the business and its owners, the owner filed a legal malpractice action against Respondent alleging that Respondent had made false material representations to him. Respondent filed a counterclaim accusing this owner of committing both libel and slander. Respondent subsequently failed to comply with several discovery requests, his answer was stricken and a default judgment was granted. The owner was awarded $58,-444.25 plus 10% interest on July 28, 1988. Respondent had not paid any of that judgment as of February 28, 1991, the date of the Committee's report. The counterclaim, filed in bad faith, establishes a violation of ER 3.1 (Non-meritorious Claim). Respondent's failure to file a written response to the owner's charges and submit it to the bar establishes a violation of ER 8.1(b) (Failure to Disclose), and rules 51(h) (Fail-

---

1. Pursuant to the Victims' Rights Act, we refer to the clients without using their names to pro- tect their interests. Ariz. Const. art. 2, § 2.1, *see also* A.R.S. § 13–4401 *et seq.*

ure to Furnish Information) and 51(i) (Failure to Cooperate).

Counts thirteen and fourteen involve Respondent's representation of another small business. During the course of his representation, Respondent failed to comply with discovery requests and failed to respond adequately to a Motion for Summary Judgment on behalf of his clients. Respondent thereby violated ER 1.1 (Lack of Competency) and ER 1.3 (Lack of Diligence). Respondent failed to respond in writing to the State Bar's charges against him, again violating ER 8.1(b) (Failure to Disclose), and Rules 51(h) (Failure to Respond) and 51(i) (Failure to Cooperate).

Count fifteen asserts that Respondent was censured on March 27, 1989 and informally reprimanded on June 7, 1989.

## IV. DISPOSITION

We, like the Commission, adopt the Committee's finding that Respondent is guilty of all fifteen of the Bar Complaint's charges.

The *Standards* suggest that when imposing sanctions, the court should consider the following: (a) the duty violated, (b) the lawyer's mental state, (c) the potential or actual injury caused by the lawyer's misconduct, and (d) the existence of aggravating or mitigating factors. *Standards* 3.0; *See In re Anderson,* 163 Ariz. 362, 365, 788 P.2d 95, 98 (1990).

A number of aggravating factors listed under *Standard* 9.22 are applicable in this case:

9.22 (a) prior disciplinary offenses;

. . . . .

(c) a pattern of misconduct;

(d) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;

. . . . .

(i) substantial experience in the practice of law;

(j) indifference to making restitution.

Respondent repeatedly neglected the duties he owed to various clients, and caused these clients serious injury. In addition, several *Standard* 9.22 aggravating factors exist. We conclude that disbarment is warranted.

We further order that Respondent make restitution to the business owner in the amount of the judgment against him and be directed to pay costs incurred by the Bar as a result of these disciplinary proceedings.

## V. SANCTIONS

Respondent is disbarred, ordered to pay restitution where indicated, and assessed costs incurred by the Bar in the amount of $2,291.07.

GORDON, C.J., FELDMAN, V.C.J., and MOELLER and CORCORAN, JJ., concur.