814 P.2d 1385

**In the Matter of a Member of the State Bar of Arizona,**

**Daniel Armando NICOLINI, Respondent.**

No. SB–91–0030–D.
Disc. Comm. Nos. 88–1141, 88–1404, 88–1712, 88–1765 and 88–1912.

Supreme Court of Arizona, En Banc.

Aug. 6, 1991.

Snell & Wilmer by William T. Tinney, Tucson, for respondent.

State Bar of Arizona by Harriet L. Turney, Chief Bar Counsel and Yigael M. Cohen, Staff Bar Counsel, Phoenix, for State Bar.

## OPINION

CAMERON, Justice.

### I. JURISDICTION

The State Bar of Arizona (Bar) submitted this matter for review on the record. We have jurisdiction pursuant to 17A A.R.S.Sup.Ct.Rules, rule 53(e).

### II. QUESTION PRESENTED

Daniel Armando Nicolini (respondent) and Bar Counsel accepted the findings of fact, conclusions of law, and recommendations of the Disciplinary Commission of the Supreme Court of Arizona (Commission). We consider the following issues: (1) Whether the effective date of respondent's two-year suspension is retroactive to 15 July 1989, the date he voluntarily ceased practicing law, or to 14 May 1990, the date the Hearing Committee (Committee) made its report and (2) Whether respondent's probation period is for one or two years.

### III. FACTUAL AND PROCEDURAL HISTORY

The Bar filed a four count complaint against respondent on 23 October 1989, and amended the complaint on 15 March 1990, adding one more count. Respondent was charged with and admitted to violating the Rules of Professional Conduct, Ariz.Sup.Ct. Rules, rule 42. Specifically, he violated ethical rules 1.3 (Diligence) in failing to diligently represent his clients, 1.4 (Communication) in failing to clearly and adequately communicate with and advise his clients, and 8.1 (Maintaining the Integrity of the Profession) in refusing and failing to cooperate with the Bar in this matter. Respondent is also charged with violating rules 51(h) and (i) in failing to timely respond to Bar inquiries, to comply with Bar requests, and in refusing to cooperate with

the Bar in this matter. Respondent's violation of the ethical rules is attributed to his growing addiction to cocaine and alcohol.

The Committee recommended a two-year suspension from the practice of law effective 14 May 1990, followed by a one-year probation period. The Commission adopted the Committee's recommendation, but set the suspension date for 15 July 1989, the date respondent voluntarily withdrew from the practice of law, and recommended a two-year probation period. Neither respondent nor the Bar objected to this recommendation. The Commission found several mitigating factors, including the following:

> One final mitigating factor must be stressed. Once Respondent realized the effect his addiction was having on his practice, he voluntarily stopped practicing law. Without waiting to see the outcome of the disciplinary process, without being ordered to do so, Respondent made his own determination that he should not be practicing law. He also called in other lawyers to take over his cases and provided them with a summary of each case. This clearly evidenced responsibility in representing his clients, and good faith effort to make amends.

### IV. DISCUSSION

1. Effective date of suspension

We have reviewed the record as the ultimate trier of fact, considered the Bar's recommendation, and found that there is clear and convincing evidence, *see In re Cardenas*, 164 Ariz. 149, 151, 791 P.2d 1032, 1034 (1990), that respondent violated the ethical rules noted above. Because neither the respondent nor the Bar objects to the sanctions imposed, we need only determine the effective date of the suspension.

Normally, the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*Standards*) are a "useful tool in determining the sanction to [apply]." *Cardenas*, 164 Ariz. at 152, 791 P.2d at 1035. In this case, however, the *Standards* do not provide an answer. We believe that for policy reasons, the effec-

tive date of the suspension should run from the date that respondent voluntarily withdrew from the practice of law. The purpose of bar discipline is not to punish the respondent, but to protect the public. *See In re Anderson*, 163 Ariz. 362, 365, 788 P.2d 95, 98 (1990); *Standard* 1.1. When an attorney who has a drug and alcohol problem voluntarily withdraws from the practice of law and seeks to rehabilitate himself, the public is protected. We therefore agree with the Commission's recommendation that the suspension in this case should commence from the day respondent voluntarily withdrew from the practice of law.

### 2. Probation

The Committee recommended a one-year probation period following the suspension, whereas the Commission recommended a two-year probation period. The Commission set the following terms and conditions upon the probation:

1. Respondent shall abstain from the use of all alcohol or illegal drugs.

2. Respondent shall continue to participate in counseling and AA.

3. Respondent shall have a "practice monitor"—an attorney who will supervise Respondent's law practice and monitor his case load, the quality of services rendered and his trust account. The practice monitor will agree to report to the State Bar any manifestations of relapse, unusual behavior or conduct falling below minimum standards of the profession as set forth in the Rules of Professional Conduct, Rule 42, Ariz.R.S.Ct.

4. Respondent shall be supervised by a "sobriety monitor," who shall be responsible for reporting any breach of sobriety or other probation violations to the State Bar.

5. Respondent shall submit to body fluid tests, randomly drawn, not to exceed two per month. Said body fluids shall be tested for illegal drugs and nonprescribed drugs and such testing shall be conducted within eight hours of contact of Respondent. Upon request, a split sample will be furnished to Respondent or his designate. The test results shall be furnished to the state Bar. All said testing shall be at Respondent's expense.

6. Respondent shall pay all costs that are or will be due and owing to the State Bar as a result of Respondent's probation prior to termination of probation.

7. In the event that Respondent fails to comply with any of the foregoing conditions, and information thereof is received by the State Bar, bar counsel shall file with the hearing committee a Notice of Non–Compliance. The hearing committee shall conduct a hearing at the earliest practicable date, but in no event later than thirty days after receipt of said notice, to determine whether a condition of probation has been breached and, if so, to recommend an appropriate sanction therefor.

8. In the event there is an allegation that any of these terms have been breached, the burden of proof thereof shall be on the State Bar to prove noncompliance by a preponderance of the evidence.

In setting these terms and conditions, as well as increasing the term of probation period to two years, the Commission stated:

> Although Respondent has been drug and alcohol free for nearly two years, ... Respondent's history shows that he had made previous attempts to end his cocaine and alcohol use, but slipped back into use each time. A longer term of probation will further ensure the protection of the public through immediate detection of any future lapses.

We agree with the Commission's terms and conditions of probation, as well as its reasons for increasing the term of probation to two years.

### V. DISPOSITION

Respondent is suspended from the practice of law for two years commencing 15 July 1989.[1] Following the suspension, he shall be on probation for two years com-

---

**1.** As of the date of this opinion, respondent's suspension is no longer in effect.

mencing as of the date of this opinion, subject to the terms and conditions noted above, and he is ordered to pay costs in the amount of $3,831.96 to the Bar.

GORDON, C.J., and MOELLER and CORCORAN, JJ., concur.

FELDMAN, V.C.J., did not participate in this matter.