846 P.2d 822

174 Ariz. 9

**In the Matter of a Suspended Member of the State Bar of Arizona, Michael C. BLASNIG, Respondent.**

**No. SB–93–0003–D.**

**Comm. Nos. 90–0931, 91–0171, 91–0323, 91–0394, 91–0420, 91–0421 and 91–0469.**

Supreme Court of Arizona, Before the Disciplinary Commission.

Feb. 3, 1993.

Robert Swartz, Bar Counsel, Harriet L. Turney, Chief Bar Counsel, Phoenix, for the State Bar of Arizona.

### JUDGMENT AND ORDER OF SUSPENSION & RESTITUTION

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED AND DECREED that MICHAEL C. BLASNIG, a member of the State Bar of Arizona, is hereby suspended from the practice of law for a period of two years, retroactively effective as of April 9, 1991, for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that MICHAEL C. BLASNIG shall pay restitution in the following amounts to the following individuals:

| | | |
|---|---|---|
| Client Watts | — | $ 500.00 |
| Client Gable | — | $ 575.00 |
| Client Waddle | — | $1,750.00 |
| Client Parker | — | $2,500.00 |

IT IS FURTHER ORDERED that pursuant to Rule 63(a), Rules of the Supreme Court of Arizona, MICHAEL C. BLASNIG shall notify all of his clients, within ten (10) days from the date hereof, of his inability to continue to represent them and that they should promptly retain new counsel, and shall promptly inform this court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against MICHAEL C. BLASNIG for costs incurred by the State Bar of Arizona in the amount of $1,975.64, together with interest at the legal rate from the date of this judgment.

EXHIBIT A

BEFORE THE DISCIPLINARY
COMMISSION

OF THE

SUPREME COURT OF ARIZONA

Comm. Nos. 90–0931, 91–0171,
91–0323, 91–0394, 91–0420,
91–0421, and 91–0469

In the Matter of

MICHAEL C. BLASNIG,
a Suspended Member of the
State Bar of Arizona, Respondent.

DISCIPLINARY COMMISSION REPORT

Filed Nov. 24, 1992

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on October 17, 1992, for review of the record on appeal pursuant to Rule 53(d), R.Ariz.Sup.Ct. The Commission considered the hearing committee's recommendation of approval of the agreement for discipline by consent providing for suspension, probation, and restitution.

*Decision*

After review of the record on appeal, the Commission, by a vote of six aye, two nay, and one abstention,[1] adopts the committee's recommendation that the agreement for discipline by consent be accepted, and that 1) Respondent be suspended for a period of two years, retroactive to April 9, 1991, the date he was placed on interim suspension;[2] 2) upon reinstatement, he be placed on probation, under the terms and conditions set forth herein; and 3) he make restitution to four of his former clients, as detailed below. The Commission unanimously adopts the findings of fact and conclusions of law of the hearing committee.

*Terms of Probation*

The Commission recommends that, upon his return to the practice of law, Respondent shall be placed on probation for a period of two years, under the following terms and conditions:

1. Respondent shall abstain from the use of all alcohol or illegal drugs.

2. Respondent shall continue to participate in counseling and Alcoholics Anonymous.

3. Respondent shall have a "practice monitor"—an attorney who will supervise Respondent's law practice and monitor his case load, the quality of services rendered and his trust account. The practice monitor will agree to report to the State Bar any manifestations of relapse, unusual behavior or conduct falling below minimum standards of the profession as set forth in the Rules of Professional Conduct, Rule 42, Ariz.R.Sup. Ct.

4. Respondent shall be supervised by a "sobriety monitor," who shall be responsible for reporting any breach of sobriety or other probation violations to the State Bar.

5. Respondent shall submit to body fluid tests, randomly drawn, not to exceed two per month. Said body fluids shall be tested for illegal drugs and non-prescribed drugs and such testing shall be conducted within eight hours of contact of Respondent. Upon request, a split sample will be furnished to Respondent or his designate. The test results shall be furnished to the State Bar. All

---

1. Commissioners Bossé and Rubin dissented, in the belief that a suspension should not be retroactive when a respondent did not voluntarily remove himself from the practice of law. Commissioner Malm abstained, stating he has not yet determined the appropriateness of retroactively suspending a respondent who did not voluntarily stop practicing law.

2. The Commission's recommendation is contingent upon the requirement that Respondent's reinstatement shall proceed pursuant to the provisions of Rule 71(d), Ariz.R.Sup.Ct., rather than Rule 71(c). That is, Respondent shall be required to demonstrate proof of rehabilitation prior to reinstatement.

said testing shall be at Respondent's expense.

6. Respondent shall pay all costs that are or will be due and owing to the State Bar as a result of Respondent's probation prior to termination of probation.

7. In the event that Respondent fails to comply with any of the foregoing conditions, and information thereof is received by the State Bar, bar counsel shall file with the hearing committee a Notice of Non–Compliance. The hearing committee shall conduct a hearing at the earliest practicable date, but in no event later than thirty days after receipt of said notice, to determine whether a condition of probation has been breached and, if so, to recommend an appropriate sanction therefor.

8. In the event there is an allegation that any of these terms have been breached, the burden of proof thereof shall be on the State Bar to prove non-compliance by a preponderance of the evidence.

### Facts

The amended complaint[3] in this matter contains ten counts, one of which alleges prior discipline. The nine remaining counts address a one-year period, from 1989 to 1990, during which Respondent agreed to represent clients, accepted their retainers, and then failed to provide diligent, if any, representation. Due to Respondent's failure to appear in court for his clients, a warrant was issued for the arrest of one client, requiring her to post a $206 bond, and another client was actually arrested. Seven of the counts allege Respondent's failure to respond to the State Bar's inquiry into the matters.

The State Bar and Respondent filed a Tender of Admissions and Agreement for Discipline by Consent, in which the majority of the allegations of the complaint were conditionally admitted, with the addition of the following conditional admissions.

In Count Four, involving a bankruptcy matter, Respondent sent $350 of his $500 retainer to subsequent counsel for his former client. Subsequent counsel was able to reinstate the bankruptcy, which had been dismissed due to Respondent's failure to file the appropriate schedules.

In Count Five, Respondent was to be paid by his client in construction services, worth $500, to be performed by the client. The client performed the construction services. Respondent paid the client for the services in monetary funds. However, Respondent then failed to pursue the client's case.

In Count Six, the State Bar has agreed, for purposes of the agreement for discipline, to limit the violations to Respondent's failure to respond to the State Bar's requests for information.

The State Bar and Respondent conditionally admit that Respondent's actions violated ER 1.2, ER 1.3, ER 1.4, ER 8.1, and Supreme Court Rule 51(h) and (i).

### Discussion of Decision

In determining the sanction appropriate for this misconduct, the Commission considered the American Bar Association's *Standards for Imposing Lawyer Sanctions.*

Standard 4.4 addresses lack of diligence, which characterizes the majority of Respondent's conduct. Standard 4.42 provides for suspension when a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

Standard 7.0 deals with violations of duties owed as a professional. In this matter, Respondent violated his duty to maintain the integrity of the profession. Stan-

---

3. The State Bar filed a motion to amend the complaint on May 14, 1992. Respondent had no objection, and the motion was granted by the hearing committee. The additional count contained in the amended complaint was addressed in both the agreement for discipline and the committee report filed July 14, 1992. Although the amended complaint was inadvertently not filed until July 17, 1992, the committee has ordered that it be deemed filed as of May 25, 1992.

dard 7.2 provides for suspension when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system. Respondent has admitted that in eight out of the nine cases involved in the complaint, he accepted retainers and agreed to represent clients, and then failed to do so. Further, the Commission believes potential injury occurs any time a lawyer fails to perform the services he has agreed to provide.

In this matter, the Standards indicated above recommend suspension as the appropriate sanction absent aggravating or mitigating circumstances. In the instant case, factors in both mitigation and aggravation are present.

A number of factors in mitigation, as listed in Standard 9.32, are present. Respondent had no dishonest or selfish motive and has exhibited remorse. Additionally, Respondent was suffering from alcoholism at the time of the conduct giving rise to the complaint. Since the misconduct occurred, Respondent has sought help and has been treated for his problem. He entered the Membership Assistance Program of the State Bar in January 1991, and has since undergone extensive interim rehabilitation. After a few unsuccessful attempts to obtain treatment in January of 1991, Respondent entered a substance abuse program in a Missouri hospital on February 14, 1991, and successfully completed treatment one month later. Respondent had one brief relapse in May 1991, but has had no problems since then.[4] Respondent has since joined the Membership Assistance Program's continuing care group and has entered into a therapeutic contract with Roger Nelson, with which he has remained in compliance. Respondent has also been involved in Alcoholics Anonymous in both Missouri and Arizona.

A final factor in mitigation is that, upon his return to Arizona from his treatment in Missouri, Respondent voluntarily contacted the State Bar concerning these disciplinary charges.

A number of aggravating factors, as listed in Standard 9.22, also apply, including a pattern of misconduct and multiple offenses. In addition, Respondent was informally reprimanded in 1990 for incidents involving failure to communicate and lack of diligence, both of which are present in this disciplinary matter.[5]

In the interests of proportionality, the agreement for discipline compared the conduct in *In re Nicolini*, 168 Ariz. 448, 814 P.2d 1385 (1991), to the conduct in this matter. As here, Mr. Nicolini failed to diligently represent numerous clients, failed to maintain adequate communication with clients, and failed to cooperate with the State Bar's investigation. As here, his violations were attributed to substance abuse. In contrast, however, Mr. Nicolini had no previous disciplinary record, and he voluntarily removed himself from the practice of law. In the instant matter, Respondent was placed on interim suspension by order of the Court. Mr. Nicolini received a two-year retroactive suspension and probation.

In *In re Kame*, Supreme Court No. 89–0026–D (1989), the respondent received a three-year suspension and was ordered to make restitution for his mishandling of the cases of eight clients. Much of his conduct was similar to Respondent's, including lack of diligence, failure to pursue cases, and failure to maintain communication. However, much of his conduct was also more egregious, with four of the counts involving misappropriation of funds. Mr. Kame also was suffering from substance abuse at the time of the misconduct, and voluntarily submitted himself for treatment.

The respondents in the cases discussed above received suspensions. The Commis-

---

4. The director of the Membership Assistance Program, Roger Nelson, indicates that this type of relapse is fairly typical of this stage of recovery.

5. The Commission notes that the conduct giving rise to the reprimand occurred at the same time as the conduct currently at issue, and therefore can be considered part of the same pattern of misconduct resulting from his substance abuse.

846 P.2d 826

sion compared the conduct in the instant matter to the conduct in those cases to assist in determining the length of suspension appropriate in the instant matter. Respondent's conduct is virtually identical to Mr. Nicolini's, except that Mr. Nicolini had no prior discipline and voluntarily removed himself from the practice of law due to his substance abuse problems. The Commission notes that Respondent, although reluctant at first, is now a willing and active participant in his rehabilitation, and has indicated a willingness to participate in the probation. Additionally, for the reasons stated above, the Commission considers the conduct giving rise to the prior discipline to be connected to the pattern of misconduct evident here.

Pursuant to a court order placing him on interim suspension, Respondent has not practiced law since April 9, 1991. The majority of the Commission believes this period of suspension should be considered as "time served" in determining the appropriate sanction. The purpose of lawyer discipline is not to punish the offender, but to protect the public, the profession, and the administration of justice. *In re Neville*, 147 Ariz. 106, 708 P.2d 1297 (1985). The majority of the Commission believes a two-year retroactive suspension, when coupled with the two-year probation recommended herein, the terms of which were specifically crafted to monitor and prevent any future substance abuse, will satisfy the goal of discipline.

The Commission also recommends that Respondent make restitution to Client Watts in the amount of $500; to Client Gable in the amount of $575; to Client Waddle in the amount of $1,750; and to Client Parker in the amount of $2,500.

/s/ Raymond W. Brown
Raymond W. Brown, Chair
Disciplinary Commission