778 P.2d 1234

**In the Matter of a Member of the State Bar of Arizona, Charles Conrad DIETTRICH, Respondent.**

**No. SB–88–0030–D.**

Supreme Court of Arizona, En Banc.

Aug. 22, 1989.

Charles Conrad Diettrich, Payson, pro se.

Harriet L. Turney, Chief Counsel, Phoenix, for State Bar of Arizona.

### OPINION

CORCORAN, Justice.

On May 23, 1989, we ordered respondent Charles Conrad Diettrich disbarred from the practice of law. We issue this opinion to explain our reasoning for imposing the sanction. We have jurisdiction under arti-

cle 3, Arizona Constitution, and rule 46(a), Arizona Rules of the Supreme Court.

### Facts

On April 16, 1981, respondent was convicted of two counts of possession of cocaine and one count of promoting prison contraband. For these 3 felony convictions, he was disbarred on April 21, 1981. *See* former A.R.S. §§ 32–267, 32–272 (providing for disbarment upon conviction of a felony) (repealed effective Jan. 1, 1985).

On February 24, 1988, this court granted respondent's application for reinstatement, subject to various conditions recommended by the hearing committee. One condition required respondent to "abstain completely from the use of any alcoholic beverage or non-prescription drug of abuse," and another condition required respondent to "submit to body fluid tests" randomly requested by the Director of the State Bar Members Assistance Program (MAP). In proceedings before the hearing committee and disciplinary commission to consider respondent's application for reinstatement, respondent repeatedly asserted his willingness to abide by any conditions imposed on his readmission to the bar.

On May 3, 1988, the MAP director contacted respondent and requested that he submit to urinalysis that day. Respondent, without explanation, did not do so. On May 6, 1988, the director again requested respondent to report for urinalysis. Respondent submitted to the test, the results of which showed that he tested positive for cocaine.

Based on these circumstances, counsel for the State Bar moved that respondent be suspended until a hearing committee could conduct an evidentiary hearing. We granted that motion on June 29, 1988, suspending respondent from the practice of law.

A hearing committee convened a formal hearing on June 30, 1988. On July 13, 1988, the committee recommended that respondent be disbarred for violating the conditions imposed upon his reinstatement. The disciplinary commission issued its report on October 18, 1988, adopting the committee's report and recommendation. Respondent has filed no objections to this recommendation. *See* rule 53(c)(5) (failure to object constitutes consent to discipline recommended by committee).

### Standard of Review

In disciplinary proceedings we act as an independent "trier of both fact and law in the exercise of our supervisory responsibility over the State Bar." *In re Neville*, 147 Ariz. 106, 108, 708 P.2d 1297, 1299 (1985). We do, however, "give deference and serious consideration" to the reports of the committee and commission. *In re Pappas*, 159 Ariz. 516, 518, 768 P.2d 1161, 1163 (1988).

Rule 54(c) requires the State Bar to prove allegations in a disciplinary complaint by clear and convincing evidence. However, a condition upon which respondent was readmitted to practice permitted the State Bar to prove non-compliance only "by a preponderance of evidence." Nevertheless, the hearing committee concluded that clear and convincing evidence established respondent's violations of his reinstatement conditions, and the disciplinary commission adopted that conclusion.

### Disposition

We reviewed the record and the reports of the hearing committee and disciplinary commission, and found that the State Bar proved by clear and convincing evidence respondent's failure to comply with the conditions of his reinstatement. Because respondent failed to comply with the conditions imposed by this court's order readmitting him to the practice of law in Arizona, we disbarred respondent effective May 23, 1989. *See* rule 51(e) (willful disobedience to court order as ground for attorney discipline).

Pursuant to rule 53(e)(3), Rules of the Supreme Court, respondent is assessed costs incurred by the Bar of $548.20.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and MOELLER, JJ., concur.