794 P.2d 136

**In the Matter of a Member of the State Bar of Arizona, Lee GALUSHA, Respondent.**

**No. SB–90–0023–D.**
**Disc. Comm. No. 88–0725.**

Supreme Court of Arizona,
En Banc.

June 26, 1990.

Lee Galusha, Scottsdale, pro se.

State Bar of Arizona by Margaret D. White, Bar Counsel, Phoenix.

GORDON, Chief Justice.

The State Bar submitted this matter for review on the record. We have jurisdiction pursuant to Rule 53(e), Rules of the Arizona Supreme Court.

## FACTS

The Disciplinary Commission of the Supreme Court of Arizona (Commission) recommends that respondent, Lee Galusha, be disbarred from the practice of law. This matter is the third disciplinary proceeding against respondent in three years. The two prior proceedings resulted in respondent receiving consecutive six-month and one-day suspensions.

The allegations against respondent in this matter are as follows: (1) respondent caused a client to lose legal rights through his failure to take action after accepting representation on two lien matters for the client, and his failure to return the client's documents after admitting that he was not equipped to handle the lien work; and (2) respondent failed to respond to a Bar inquiry and complaint.

The conduct giving rise to the filing of this complaint against respondent began in February, 1988, when respondent accepted representation to perform lien and collection work on behalf of a client. During February and March, 1988, the client forwarded documents and asked respondent to place liens on two construction jobs. Having heard nothing by May, 1988, the client contacted respondent and requested a status report on the lien work. At that time, respondent informed the client that he had moved his office, did not have access to a microfiche, and did not do liens anymore. Due to respondent's inaction, the client lost lien rights. Moreover, although the client asked respondent to return the documents, he has not done so to date.

The client filed a complaint with the State Bar in May, 1988. The Bar advised respondent of the complaint by three separate letters and asked for a written response each time. Respondent failed to answer the letters or respond to the complaint. After personally serving respondent with the formal complaint and notice of hearing, the allegations were deemed admitted in accordance with rule 53(c)(1), Rules of the Arizona Supreme Court.

The Disciplinary Committee (Committee) held a hearing, at which the client testified, and found respondent in violation of the Rules of Professional Conduct, rule 42, Rules of the Arizona Supreme Court, specifically ER 1.1, ER 1.3, ER 1.4(a), ER 1.15(b), ER 1.16(d), ER 8.1(b) and ER 8.4(a). The Committee recommended that respondent be disbarred. Restitution was not recommended, however, because the Committee determined that the client had received payment on one claim and had no lien rights on the other claim. The Disciplinary Commission (Commission) affirmed and adopted the Committee's recommendation of disbarment. The Commission considered respondent's prior sanctions for violations of the Rules of Professional Conduct and pattern of misconduct as aggravating circumstances in this matter. It found no mitigating circumstances. The Commission submitted the matter to this court for review on the record and respondent filed no objections to the recommendation with this court.

## DISCUSSION

 In disciplinary proceedings, we act as an independent trier of both fact and law in the exercise of our supervisory responsibility over the State Bar. *In re Diettrich,* 161 Ariz. 338, 339, 778 P.2d 1234, 1235 (1989). We do, however, give the reports and recommendations of the Committee and Commission serious deference and consideration. *In re Pappas,* 159 Ariz. 516, 518, 768 P.2d 1161, 1163 (1988).

When a properly served respondent fails to respond to the complaint as required by the rules, we deem the allegations of the complaint admitted. Rule 53(c)(1), Rules of the Arizona Supreme Court. Accordingly, with respect to Count One, we approve the Committee and Commission's findings. An attorney's most important ethical duties include those obligations owed to clients. Respondent's nonresponse established that his conduct violated his duty to competently represent the client (ER 1.1), to perform client representation with reasonable promptness and diligence (ER 1.3), and to keep the client reasonably informed about the status of the matter and promptly comply with reasonable requests for information (ER 1.4(a)).

We note that respondent was involved in another disciplinary matter, involving similar misconduct, at the time he agreed to perform services for the client in this matter. We also note that respondent was aware of the Commission's recommendation that he be suspended for six months and one day in that matter. Despite heightened awareness of his duties and responsibilities, respondent knowingly failed to fulfill his ethical obligations to his client.

Fortunately, respondent's conduct did not damage the client although the potential injury was quite serious—the loss of the client's rights. Despite respondent's inaction, the client later settled one of the lien matters. The second claim involved a public works project. Although respondent failed to so inform him, the client could not file a lien against a governmental entity and the client elected not to sue on the contract.

We agree that disbarment is the proper sanction. Respondent effectively consented to this sanction by failing to object to the sanction recommendation. Rule 53(c)(5), Rules of the Arizona Supreme Court. Not only are the infractions involved in this matter quite serious, respondent's previous bar record demonstrates a chronic pattern of misconduct. Moreover, respondent's failure to cooperate with bar counsel and respond to requests for information from the Bar disciplinary office in all three discipline matters demonstrates a disregard for the Rules of Professional Conduct and borders on contempt for the legal system.

Respondent is ordered disbarred effective as of the date of the mandate on this matter. We agree with the Commission's recommendation that no restitution be assessed. The sum of $532.10 is assessed in costs to the State Bar.

FELDMAN, V.C.J., and CAMERON, MOELLER and CORCORAN, JJ., concur.