811 P.2d 322

**In the Matter of a Member of the State Bar of Arizona, Randy William JENKINS, Respondent.**

No. SB–91–0006–D.

Disc. Comm. Nos. 87–1457, 88–0026, 88–0204 and 88–0459.

Supreme Court of Arizona,
En Banc.

April 9, 1991.

Randy William Jenkins, pro se.

Burch & Cracchiolo by John P. Otto and Harriet L. Turney, Chief Counsel, Phoenix, State Bar of Arizona, for State Bar of Arizona.

## OPINION

GORDON, Chief Justice.

### JURISDICTION

The Disciplinary Commission of the Supreme Court of Arizona (Commission) recommends that Randy William Jenkins (respondent) be disbarred from the practice of law in Arizona, and pay $1423.83 in costs to the Arizona State Bar. We have jurisdiction pursuant to 17A A.R.S.Sup.Ct.Rules, Rule 53(e).

### FACTS AND PROCEDURAL HISTORY

Respondent was admitted to practice law in 1983. On December 18, 1989, Bar counsel filed an eleven-count complaint against him. The allegations included failing to file tax returns, conflicts of interest, double billing clients, practicing law under an association that was not a legal entity, and failing to cooperate with Bar counsel. The disciplinary hearing took place on May 30 and 31, 1990 before the State Bar Hearing Committee (Committee). The Committee found that the violations alleged in counts one (failure to file income tax returns), two (conflicts of interest), four (practicing law under an association not a legal entity), and ten (failing to cooperate with Bar counsel) were established by clear and convincing evidence, but recommended that the other counts be dismissed. The Committee recommended that respondent be disbarred, and respondent filed objections to the Committee's report.

The Commission heard the matter on October 13, 1990. It affirmed and adopted the Committee's findings of fact and conclusions of law, as well as its recommendation of disbarment. The Commission submitted the matter to this court for review on the record and respondent filed no objections to the Commission's recommendation with this court.

### STANDARD OF REVIEW

█ In disciplinary proceedings, we act as an independent trier of fact and law when exercising our supervisory responsibilities. *In re Galusha*, 164 Ariz. 503, 504, 794 P.2d 136, 137 (1990) (citation omitted). We will give serious deference to the reports and recommendations of the Committee and Commission, however. *Id.* (citing *In re Pappas*, 159 Ariz. 516, 518, 768 P.2d 1161, 1163 (1988)). We agree that disbar-

ment is the proper sanction. Respondent effectively consented to this sanction by failing to object to the Commission's recommendation. *Galusha,* 164 Ariz. at 504–05, 794 P.2d at 137–38; 17A A.R.S.Sup.Ct. Rules, *see* Rule 53(c)(5).

### DISPOSITION

Having reviewed the record and the reports of the hearing committee and disciplinary commission, respondent is ordered disbarred effective as of the date of the mandate on this matter. Pursuant to rule 53(e)(3), 17A A.R.S.Sup.Ct.Rules, respondent is assessed costs incurred by the State Bar of $1423.83.

FELDMAN, V.C.J., and CAMERON, MOELLER and CORCORAN, JJ., concur.