866 P.2d 1326

**In the Matter of a Member of the State Bar of Arizona, Steven H. ELOWITZ, Respondent.**

**No. SB–93–0015–D.**

Supreme Court of Arizona,
En Banc.

Jan. 11, 1994.

Steven H. Elowitz, in pro. per.

State Bar of Arizona by Harriet L. Turney, Chief Bar Counsel, Phoenix, for State Bar of Arizona.

## OPINION

CORCORAN, Justice.

On February 22, 1993, the Disciplinary Commission of the Supreme Court of Arizona (Commission) filed its report recommending that Steven H. Elowitz (respondent) be disbarred from the practice of law and be ordered to pay a total of $7,686.83 in restitution to 4 of his former clients. The Commission also recommended that respondent be required to pay costs and expenses that the State Bar of Arizona (State Bar) incurred in this matter. We have jurisdiction pursuant to rule 53(e), Arizona Rules of the Supreme Court.

*Factual and Procedural Background*

On June 28, 1991, the State Bar filed a formal complaint against respondent, initially charging him with 3 counts of violating rules

42 and 51, Arizona Rules of the Supreme Court. The State Bar later amended the complaint on 3 separate occasions, and as a result, respondent ultimately was charged with 6 counts of violating rules 42 and 51. Rather than recite the chronology of these amendments, we summarize below each of the counts charged in the third and final amended complaint.

Count I arose out of respondent's representation of client A,[1] who retained respondent to probate her deceased husband's estate. Count I alleged that respondent (1) failed to diligently and competently handle the probate matter; (2) failed to communicate adequately with the client, which included misrepresenting to her the status of her case and failing to respond to her reasonable requests for information; (3) failed to safeguard adequately certain property belonging to the client and/or the estate of her deceased husband; and (4) failed to cooperate with the State Bar's investigation into the matter.

Count II arose out of respondent's representation of client B, who retained respondent to remove her deceased husband's name from their joint tenancy property. Count II alleged that, after receiving a retainer from the client, respondent (1) failed to perform any of the services for which he was retained; (2) failed to return any portion of the retainer, despite his failure to perform such services; and (3) failed to cooperate with the State Bar's investigation into the matter.

Count III arose out of respondent's representation of clients C and D, who retained respondent to probate their deceased parents' estates. Count III alleged that respondent (1) failed to diligently and competently handle the probate matter; (2) failed to communicate adequately with the clients; (3) failed to deal appropriately with funds received on behalf of the clients and/or the estate; (4) failed to seasonably correct substantive errors made in probate documents filed with the court; and (5) failed to cooperate with the State Bar's investigation into the matter.

Count IV arose out of respondent's representation of client E, who retained respondent to represent him in a DUI case. Count IV alleged that respondent (1) failed to diligently and competently represent the client; (2) failed to perform most of the services for which he was retained; (3) failed to communicate adequately with the client; (4) failed to promptly deliver the client's file and respond to requests for information upon termination of the representation; (5) charged an unreasonable fee; (6) made factual misrepresentations in a motion filed with the court; and (7) failed to cooperate with the State Bar's investigation into the matter.

Count V alleged that, during the course of the disciplinary proceedings, respondent made a number of misrepresentations to the State Bar. These misrepresentations included, but were not limited to, false statements that respondent allegedly made during his deposition and during telephone conversations with State Bar counsel. Furthermore, respondent allegedly failed throughout the disciplinary proceedings to comply with discovery deadlines that had been imposed either by rule or by committee order.

Count VI alleged that on more than one occasion, respondent prepared legal documents, signed the names of both his clients and his secretary on these documents, and then used his secretary's notary seal to notarize the signatures. In doing so, respondent acted without the knowledge or permission of his clients or his secretary. When questioned about these actions at his deposition, respondent committed perjury by claiming that his secretary did in fact notarize the documents. Moreover, before his secretary's deposition, respondent advised her that his actions were not improper. Apparently induced by this advice, respondent's secretary testified falsely that she had notarized the signatures in question.

Based on the allegations summarized above, respondent was charged with violating

---

1. We recognize that clients who seek counsel from lawyers often do so in confidence. We do not believe that such confidences should be breached just because the lawyer involved is being disciplined. We therefore use client A, client B, client C, client D, and client E instead of the clients' actual names.

Ethical Rules (ER) 1.1, 1.2(a), 1.3, 1.4, 1.5, 1.15, 1.16(d), 3.2, 3.3(a), 3.4(b), 8.1, and 8.4 of rule 42, and rules 51(h) and (i), Arizona Rules of the Supreme Court.

A hearing in this matter was commenced before the State Bar Hearing Committee (Committee) on January 8, 1992. Both respondent and State Bar counsel were present at this hearing, and respondent was represented by counsel. The hearing reconvened on February 12, 1992, and it continued on February 13, 1992. Before adjourning the proceedings on February 13, the Committee granted the State Bar's oral motion to amend the complaint. Respondent did not object to the amendment, although he requested that it be submitted in writing. The Committee rescheduled the hearing to March 2, 1992.

Respondent failed to appear at the March 2 hearing. His counsel, however, did appear and indicated that respondent wished to waive his presence for the remainder of the hearing. Moreover, because the State Bar would have no opportunity to cross-examine respondent, his counsel agreed to have all of respondent's testimony up to that point stricken.

Respondent was placed on interim suspension on August 5, 1992. On September 8, 1992, the Committee issued its report setting forth its findings of fact, conclusions of law, and recommendations. The Committee found, by clear and convincing evidence, that respondent committed the following ethical violations under rule 42, Arizona Rules of the Supreme Court:

Regarding Count I, respondent's conduct violated ERs 1.1, 1.3, 1.4(a) and (b), 1.15, 8.1(a), and 8.4(c);

Regarding Count II, respondent's conduct violated ERs 1.1, 1.3, and 8.1(a);

Regarding Count III, respondent's conduct violated ERs 1.1, 1.3, 1.4(a) and (b), 1.15, and 8.4(b), (c), and (d);

Regarding Count IV, respondent's conduct violated ERs 1.1, 1.3, and 1.5(a);

Regarding Count V, respondent's conduct violated ERs 8.1(a), and 8.4(c) and (d);

Regarding Count VI, respondent's conduct violated ERs 3.4(b), 8.1(a) and (b), and 8.4(a), (b), (c), and (d).

Additionally, as to Counts I through V, the Committee found that by failing to cooperate with the State Bar's investigation, respondent violated ER 8.1(b), and rules 51(h) and (i).

After finding that respondent committed the ethical violations listed above, the Committee identified the aggravating and mitigating factors present in this case. Specifically, it found the following aggravating factors: dishonest or selfish motive; pattern of misconduct; multiple offenses; bad faith obstruction of the disciplinary proceeding; submission of false evidence and false statements; refusal to acknowledge the wrongful nature of the conduct; substantial experience in the practice of law; and indifference to making restitution. The Committee found only one mitigating factor—namely, respondent's lack of a prior disciplinary record.

Based on the above findings, the Committee unanimously recommended that respondent be disbarred from the practice of law. The State Bar filed an objection to the Committee's report because it failed to include restitution as part of the recommended sanction. Respondent, however, filed neither an objection to the report nor a response to the State Bar's objections.

The Commission held a hearing in this matter on December 12, 1992. Although properly notified of the hearing, respondent did not appear either in person or by representative. After considering the State Bar's argument and the record, the Commission unanimously adopted the Committee's findings of fact, conclusions of law, and recommendation that respondent be disbarred. The Commission further recommended that respondent be ordered to pay a total of $7,686.83 in restitution to 4 of his former clients.

*Discussion*

A. *Standard of Review*

In disciplinary matters, this court acts as an independent arbiter of both the facts and the law. *In re Neville*, 147 Ariz. 106, 108, 708 P.2d 1297, 1299 (1985). In acting as an arbiter of the facts, we give deference and serious consideration to the

findings of both the Committee and the Commission. *In re Pappas,* 159 Ariz. 516, 518, 768 P.2d 1161, 1163 (1988), citing *Neville,* 147 Ariz. at 108, 708 P.2d at 1299. Before imposing discipline, however, *we* must be persuaded by clear and convincing evidence that respondent committed the alleged violations. *In re Kersting,* 151 Ariz. 171, 172, 726 P.2d 587, 588 (1986); *see also* rule 54(c), Arizona Rules of the Supreme Court.

Similarly, in acting as an arbiter of the law, we give great weight to the recommendations of the Committee and Commission. *In re Lincoln,* 165 Ariz. 233, 235–36, 798 P.2d 371, 373–74 (1990), citing *Neville,* 147 Ariz. at 115, 708 P.2d at 1306. Yet, *this court* ultimately is responsible for determining the appropriate sanction. *Lincoln,* 165 Ariz. at 236, 798 P.2d at 374.

### B. *Respondent's Violations*

The record before us establishes by clear and convincing evidence that respondent did in fact commit the ethical violations found by the Committee and adopted by the Commission. Although respondent claims that the Commission's recommendation of disbarment is "not based in fact or law," he offers only his unsworn avowals as evidence of his dealings with his clients. Respondent not only waived his presence during the final stages of the hearing before the Committee, but also he agreed to have his testimony up to that point stricken. He therefore has offered nothing to controvert the evidence presented by the State Bar. In any event, even when respondent's stricken testimony is taken into consideration, the exhibits and testimony in the record provide clear and convincing support for the Committee's findings as set forth above.

### C. *Sanctions*

Respondent did not object to the Committee's report recommending that he be disbarred from the practice of law. Thus, he has in effect consented to disbarment. *See* rule 53(c)(5), Arizona Rules of the Supreme Court. Moreover, according to the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991) (*Standards*), disbarment clearly is warranted in this case.

This court looks to the *Standards* for guidance in determining the appropriate sanction to impose in a disciplinary case. *In re Morris,* 164 Ariz. 391, 393, 793 P.2d 544, 546 (1990). As a starting point, the *Standards* provide that a court should consider the following factors: (a) the duty violated; (b) the lawyer's mental state; (c) the actual or potential injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors. *See* Standard 3.0.

Although respondent violated a number of ethical duties, including duties that he owed to the legal system, his most serious ethical violations involved duties that he owed to his clients. And, as this court has reiterated in many prior disciplinary cases, an attorney's most important ethical duties include those obligations owed to clients. *In re Galusha,* 164 Ariz. 503, 504, 794 P.2d 136, 137 (1990); *see also Standards,* Theoretical Framework, at 5. Turning to the *Standards,* we note that many of respondent's ethical violations, standing alone, warrant some period of suspension. *See, e.g.,* Standards 4.42 (lack of diligence) and 4.62 (lack of candor). Others warrant disbarment. *See* Standard 5.11 (intentional misrepresentations). Finally, as to the aggravating and mitigating factors present in this case, we find the single mitigating factor of absence of a prior disciplinary record insufficient to offset the numerous aggravating factors. Accordingly, we agree with the Committee and the Commission that disbarment is the appropriate sanction.

### D. *Restitution*

After adopting the findings of the Committee, the Commission further recommended that respondent be ordered to pay the following amounts in restitution: $4,086.83 to client A; $450.00 to client B; $2,000.00 to the estates of the deceased parents of clients C and D; and $1,150.00 to client E. Although respondent consented to disbarment by failing to object to the Committee's report, by appealing from the Commission's restitution recommendation, he thereby preserved the restitution issue for review.

Respondent objects to the Commission's recommendation, claiming that it is "without foundation in fact or law." Yet, respondent again offers nothing other than general assertions to controvert the evidence presented by the State Bar. We have carefully examined the record in this case, and we find that it provides ample support for the Commission's restitution determinations. We therefore agree with the Commission's recommendation that respondent be ordered to pay the stated amounts in restitution to his clients.

## E. *Other Issues*

Respondent raises a number of issues for the first time on appeal to this court. Specifically, respondent contends that (1) the State Bar violated both the Rules of Civil Procedure and the Arizona Rules of the Supreme Court by amending its complaint on several occasions during the proceedings; (2) respondent was not provided an adequate opportunity to respond to the amended charges; and (3) respondent did not receive effective assistance of counsel during the proceedings. Notwithstanding the fact that respondent provides no support for his contentions, we have considered his claims and find them to be without merit.

### *Disposition*

Respondent is disbarred and ordered to pay the following amounts in restitution: $4,086.83 to client A; $450.00 to client B; $2,000.00 to the estates of the deceased parents of clients C and D; and $1,150.00 to client E. Respondent also is ordered to pay the State Bar the amount of $6,268.25 for costs and expenses incurred in this matter.

FELDMAN, C.J., MOELLER, V.C.J., and ZLAKET and MARTONE, JJ., concur.