875 P.2d 783

**In the Matter of a Suspended Member of the State Bar of Arizona, Dennis Norman RUBENSTEIN, Bar No. 005171, Respondent.**

No. SB–94–0031–D.
Comm. No. 90–1944.

Supreme Court of Arizona.

May 26, 1994.

---

Margaret H. Downie, State Bar Counsel and Harriet L. Turney, Chief Bar Counsel, State Bar of AZ.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined sua sponte review,

IT IS ORDERED, ADJUDGED AND DECREED that DENNIS NORMAN RUBENSTEIN, a suspended member of the State Bar of Arizona, is hereby suspended from the practice of law for a period of five years for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that DENNIS NORMAN RUBENSTEIN shall pay restitution, prior to reinstatement, in the amount of $1,348.25 to Michael C. Holland.

IT IS FURTHER ORDERED that DENNIS NORMAN RUBENSTEIN shall participate, during the period of suspension, in the Oklahoma Lawyers Helping Lawyers Program or, if he returns to Arizona, in the State Bar of Arizona Membership Assistance Program.

IT IS FURTHER ORDERED that DENNIS NORMAN RUBENSTEIN shall attend, in addition to the general continuing legal education requirements of the State Bar of Arizona, 12 hours of ethics instruction.

IT IS FURTHER ORDERED that, upon reinstatement, DENNIS NORMAN RUBENSTEIN shall be placed on probation for a period of two years, under the following terms and conditions:

a. Rubenstein shall choose an attorney, agreeable to the State Bar, who will act as practice monitor;

b. The practice monitor will supervise Rubenstein's law practice and monitor his billing practices and communications with clients;

c. The practice monitor will review Rubenstein's practice on a quarterly basis and shall have full opportunity to review any files of Rubenstein other than those in which a conflict of interest may exist; e.g., files in which the practice monitor represents an opposing party;

d. The practice monitor will agree to report to the State Bar any conduct of Rubenstein falling below the minimum standards of the profession as set forth in Ariz.R.S.Ct., Rule 42, Rules of Professional Conduct;

e. The practice monitor shall be reimbursed for his or her services, at Rubenstein's expense, by agreement with Rubenstein;

f. Rubenstein shall pay all costs that are or will be due and owing to the State Bar as a result of Rubenstein's probation;

g. Rubenstein shall refrain from any violations of the Rules of Professional Conduct; and

h. If Rubenstein fails to comply with any of the foregoing conditions and the State Bar is so informed, the State Bar shall file with the Hearing Committee a Notice of Noncompliance. The Hearing Committee shall conduct a hearing at the earliest practical date, but no less than thirty days following receipt of said notice. The hearing will be held to determine whether the

conditions of probation have been breached and, if so, to recommend appropriate actions and response to such breach. If there is an allegation that Rubenstein has failed to comply with any of the foregoing conditions, the burden of proof shall be on the State Bar to prove noncompliance by a preponderance of the evidence.

IT IS FURTHER ORDERED that Respondent shall comply with all applicable provisions of Rule 63, Rules of the Supreme Court of Arizona, and shall promptly inform this Court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that DENNIS NORMAN RUBENSTEIN shall pay the costs of these proceedings in the amount of $384.23.

## EXHIBIT A

BEFORE THE DISCIPLINARY
COMMISSION
OF THE
SUPREME COURT OF ARIZONA

Comm. No. 90–1944

In the Matter of

DENNIS NORMAN RUBENSTEIN,

A Suspended Member of the

State Bar of Arizona,

RESPONDENT.

*DISCIPLINARY COMMISSION REPORT*

[Filed Feb. 11, 1994.].

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on December 11, 1993, for review of the record on appeal, pursuant to Rule 53(d), Ariz.R.S.Ct. The Commission considered the Hearing Committee's recommendation of suspension, restitution, and probationary terms. No objections to the Hearing Committee's recommendation were filed.

*Decision*

The Commission, with six members concurring and two dissenting,[1] adopts the recommendation of the Hearing Committee that the respondent, Dennis N. Rubenstein ("Rubenstein"), be suspended for a period of five years; participate, during that suspension, in the Oklahoma Lawyers Helping Lawyers Program or, if he returns to Arizona, the Membership Assistance Program; attend, in addition to the general continuing legal education requirements of the State Bar, 12 hours of ethics instruction; make restitution to Client A, prior to reinstatement, in the amount of $1,348.25, which represents funds wrongfully taken by Rubenstein; and, upon reinstatement, be placed on probation for a period of two years, under the terms and conditions set forth below. The Commission unanimously adopts the findings of fact and conclusions of law of the Hearing Committee.

*Probation*

After completion of the term of suspension recommended herein, the Commission recommends that Rubenstein be placed on probation for a period of two years, as previously stated, under the following terms and conditions:

a. Rubenstein shall choose an attorney, agreeable to the State Bar, who will act as practice monitor;

b. The practice monitor will supervise Rubenstein's law practice and monitor his billing practices and communications with clients;

c. The practice monitor will review Rubenstein's practice on a quarterly basis and shall have full opportunity to review any files of Rubenstein other than those in which a conflict of interest may exist; e.g., files in which the practice monitor represents an opposing party;

d. The practice monitor will agree to report to the State Bar any conduct of Rubenstein falling below the minimum standards of the profession as set forth in

1. Commissioner Greer did not participate in these proceedings. Commissioner Bonwell dissented, believing that the sanction recommended was insufficient for the conduct at issue and the aggravating factors present. Commissioner Swick dissented in the belief that the recommendation was too harsh.

Ariz.R.S.Ct., Rule 42, Rules of Professional Conduct;

e. The practice monitor shall be reimbursed for his or her services, at Rubenstein's expense, by agreement with Rubenstein;

f. Rubenstein shall pay all costs that are or will be due and owing to the State Bar as a result of Rubenstein's probation;

g. Rubenstein shall refrain from any violations of the Rules of Professional Conduct; and

h. If Rubenstein fails to comply with any of the foregoing conditions and the State Bar is so informed, the State Bar shall file with the Hearing Committee a Notice of Noncompliance. The Hearing Committee shall conduct a hearing at the earliest practical date, but no less than thirty days following receipt of said notice. The hearing will be held to determine whether the conditions of probation have been breached and, if so, to recommend appropriate actions and response to such breach. If there is an allegation that Rubenstein has failed to comply with any of the foregoing conditions, the burden of proof shall be on the State Bar to prove noncompliance by a preponderance of the evidence.

### Facts

Rubenstein was retained by Client A in November 1988 regarding a worker's compensation claim arising out of an industrial accident. Rubenstein and Client A entered into a written contingency fee agreement which provided that Rubenstein would receive one third "of the amount recovered." At the time he retained Rubenstein, Client A had been receiving bi-monthly payments of

$506.00 from the industrial carrier. The payments continued during Rubenstein's representation. While he represented Client A, Rubenstein took one-third of each bi-monthly $506.00 payment Client A received.

In or around April 1989, Client A filed a fee arbitration petition with the State Bar. Rubenstein subsequently agreed to submit the matter to fee arbitration, and agreed to be bound by the arbitration award.

Following a hearing, a fee arbitration award was rendered in favor of Client A and against Rubenstein in the amount of $1,348.25, which represented one-third of the bi-monthly payments received by Client A during Rubenstein's representation. Despite his earlier agreement to abide by the outcome of fee arbitration, Rubenstein refused to pay this award to Client A.

Based on this conduct, Rubenstein was charged with violating ER 1.5(a), ER 8.4(c), and ER 8.4(d).

### Procedural History

Rubenstein has not participated in the disciplinary process. He was personally served with the complaint on December 18, 1992, and an acceptance of service was filed on December 21, 1992. As he failed to respond to the complaint, it was deemed admitted.[2] As Rubenstein's address of record was in Oklahoma, all subsequent relevant pleadings were served upon the clerk of the Supreme Court or the disciplinary clerk.[3] Respondent was notified of his right to be heard in mitigation and, again, failed to respond. Respondent was notified of the opportunity to object to the Committee's report and to file a statement on review before the Commission. Respondent did not object to the Committee report, did not file a statement on review,

---

2. Rule 53(c)(1) provides that a respondent shall file an answer to the complaint within twenty days after service, or longer if extended by the committee. If a respondent does not respond within the prescribed time, the complaint shall be deemed admitted.

3. Prior to June 1, 1993, Rule 55(b)(6) provided that the Clerk of the Supreme Court be the designated agent for service of all fillings as to a respondent who has been absent from the state of Arizona for a continuous period of more than thirty days. As of June 1, 1993, that rule provides that the Disciplinary Clerk is the designated agent for service.

All documents were sent by certified mail to the respondent's address of record, and to any forwarding address provided by the post office. Virtually all documents were returned by the post office as undeliverable, as either no forwarding order was available, or the addressee was not known. Only the return receipt for the Notice of Failure to Answer, mailed to Rubenstein's address of record, was returned signed, showing acceptance of delivery.

and did not request oral argument before the Commission.

### Discussion of Decision

The Commission agrees that Respondent violated ER 1.5(a), ER 8.4(c), and ER 8.4(d).

The American Bar Association's *Standards for Imposing Lawyer Sanctions* are used by the Court in considering the appropriate sanction for a violation of the Rules of Professional Conduct. *In re Ockrassa*, 165 Ariz. 576, 799 P.2d 1350 (1990).

Standard 5.13 provides for reprimand (censure in Arizona) when a lawyer knowingly engages in conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law. Standard 4.12 provides for suspension when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.

Both of these Standards directly relate to the fee collected by Rubenstein. The contingency fee agreement entered into between Rubenstein and Client A provided that Rubenstein would take one-third of "the amount recovered" by Rubenstein, despite the fact that A.R.S. § 23–1069 limits attorney's fees in workers' compensation matters to 25%. Client A was receiving the $506.00 bi-monthly payments prior to Rubenstein's involvement in the matter. Under the terms of the agreement, Rubenstein's claiming one-third of these payments was clearly improper. He had been practicing for over ten years at the time this conduct occurred. It is clear that Rubenstein knew, or should have known, that taking any portion of this payment was improper. Further, when fee arbitration subsequently awarded those payments, in full, to Client A, Rubenstein refused to return the portion of the payments he had taken. This refusal was despite his earlier agreement to abide by the decision reached in fee arbitration.

Standard 7.2 also provides for suspension when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system. An attorney's most important ethical duties include those obligations owed to clients. *In re Galusha*, 164 Ariz. 503, 794 P.2d 136 (1990). By taking a fee that he knew, or should have known, was improper, Rubenstein violated the confidence and trust which Client A had placed in him.

Standards 9.22 and 9.23 list factors to be considered in aggravation and mitigation, respectively. The ultimate sanction imposed depends on the presence of any of these factors.[4] Many aggravating factors are present in this matter. Rubenstein has displayed a bad faith obstruction of the disciplinary proceedings by failing to cooperate with the disciplinary system, he has substantial experience in the practice of law, he has exhibited indifference to making restitution, and multiple offenses have been found. In addition, Rubenstein has two prior disciplinary offenses. He was informally reprimanded in 1990, and was censured and placed on probation for a period of two years in 1992.

No factors in mitigation were found.

Upon this review of the Standards, the majority of the Commission finds that a suspension is clearly appropriate. In determining the length of that suspension, the Committee and the Commission considered the severity of the misconduct, as well as the harm suffered by Client A and Rubenstein's prior violations of the Rules of Professional Conduct.

The majority of the Commission agrees with the Committee that Rubenstein's conduct constituted a serious violation of the duties owed to his client and the legal system. As set forth in the Rules of Professional Conduct, a lawyer has a responsibility as "an officer of the legal system and a public citizen having special responsibility for the quality of justice."[5] The Committee and the Commission found that Rubenstein engaged in conduct involving dishonesty, fraud, deceit or misrepresentation. Clearly, such conduct does not uphold this responsibility. As the

---

4. *ABA Standards,* Theoretical Framework, p. 6.

5. Preamble, Rules of Professional Conduct.

Court has stated, the duty to avoid this type of conduct "is perhaps the most fundamental ethical duty of a lawyer and is correspondingly supremely important." *In re Fresquez*, 162 Ariz. 328, 334, 783 P.2d 774 (1989). Accordingly, the majority of the Commission finds Rubenstein's breach of this duty to be serious.

The purpose of lawyer discipline is not to punish the offender, but to protect the public, the profession, and the administration of justice. *In re Neville*, 147 Ariz. 106, 708 P.2d 1297 (1985). The majority of the Commission agrees with the Committee that a five year suspension, the maximum suspension permissible under the Supreme Court Rules, will achieve that goal, in part. In addition, the Commission recommends that Rubenstein be ordered to make restitution to Client A in the amount of $1,348.25. Because the Committee and Commission are concerned that there may be some undisclosed problem underlying Rubenstein's misconduct, it is also recommended that Rubenstein participate in either the Oklahoma Lawyers Helping Lawyers Program or the Membership Assistance Program of the State Bar of Arizona. The recommendation that Rubenstein obtain additional continuing legal education instruction on the topic of ethics will also serve to protect the public, by reminding Rubenstein of his duties as an attorney, and will help to prevent such ethical breaches in the future. Finally, the probationary terms set forth above will ensure that Rubenstein's practice and procedures are monitored and will discourage future misconduct of a similar nature.

RESPECTFULLY SUBMITTED this 10th day of February, 1994.

/s/ Steven L. Bosse'
Steven L. Bosse', Chair
Disciplinary Commission