889 P.2d 611

**In the Matter of a Suspended Member of the State Bar of Arizona, John KOBASHI, Attorney No. 002364, Respondent.**

**No. SB-94-0084-D.**

Supreme Court of Arizona.

Jan. 27, 1995.

Margaret H. Downie, Chief Bar Counsel, State Bar of Arizona, for the State Bar.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED 'AND DECREED that **JOHN KOBASHI**, a suspended member of the State Bar of Arizona, is hereby disbarred for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that **JOHN KOBASHI** shall pay restitution in the amount of $15,000.00 plus interest at the legal rate from July 31, 1991, to Sue Hobgood.

IT IS FURTHER ORDERED that **JOHN KOBASHI** shall comply with all applicable provisions of Rule 63, Rules of the Supreme Court of Arizona, and shall promptly inform this Court of his compliance with this Order

as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that **JOHN KOBASHI** shall be assessed the costs of these proceedings in the amount of $443.94, together with interest at the legal rate from the date of this judgment.

EXHIBIT A

Comm. No. 93–0540

BEFORE THE DISCIPLINARY

COMMISSION
OF THE

SUPREME COURT OF ARIZONA

In the Matter of

JOHN KOBASHI,

Attorney No. 002364

a Suspended Member of the

State Bar of Arizona,

RESPONDENT.

*DISCIPLINARY COMMISSION REPORT*

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on September 17, 1994, for review of the record on appeal, pursuant to Rule 53(d), Ariz.R.S.Ct. The Commission considered the Hearing Officer's recommendation of disbarment and restitution. No objections to the Hearing Officer's recommendation were filed.

*Decision*

A concurrence of the entire Commission adopts the recommendation of the Hearing Officer that the respondent, John Kobashi ("Kobashi"), be disbarred and make restitution to his client in the amount of $15,000 plus interest at the legal rate from July 31, 1991, which is the approximate date that the client gave that amount to Kobashi. The Commission also unanimously adopts the Hearing Officer's findings of fact and conclusions of law.

## Facts

Kobashi was retained by a client in July 1991 to assist her in clearing title to the house she co-owned with her deceased husband's children. Kobashi suggested that the client offer $15,000 to the children for their ownership interest. The client agreed with this suggestion, and gave $15,000 to Kobashi for the children.

Kobashi did not deliver the money to the children, and did not return it to the client. In addition, Kobashi failed to maintain adequate communication with his client or respond to her requests for information during his representation of her.

The State Bar sent letters to Kobashi on May 3 and June 8, 1993, inquiring into this matter. Kobashi failed to respond to either letter.

## Procedural History

Kobashi has not participated in these disciplinary proceedings. The formal complaint was filed on March 11, 1994, and was personally served upon Kobashi on March 16, 1994. Kobashi failed to respond to the complaint, which was deemed admitted.[1] Kobashi was notified of his right to be heard in mitigation and, again, failed to respond. He was notified of the opportunity to object to the Hearing Officer's report and to file a statement on review before the Commission. Kobashi did not object, did not file a statement on review, and did not request oral argument before the Commission.

## Discussion of Decision

The Commission agrees with the Hearing Officer that Kobashi's conduct violated the Rules of Professional Conduct, as follows:

1. Kobashi's failure to abide by his client's wish that he promptly deliver the $15,000 to the children violated ER 1.2, concerning scope of representation, and ER 1.15, concerning safekeeping property;

2. Kobashi's failure to pursue the client's case with reasonable diligence violated ER 1.3;

3. Kobashi's failure to maintain adequate communication with his client and failure to respond to her requests for information violated ER 1.4;

4. Kobashi's failure to respond to letters of inquiry from the State Bar and otherwise cooperate with its investigation violated ER 8.1(b) and Supreme Court Rule 51(h) and (i); and

5. Finally, these violations of numerous ethical rules violated ER 8.4.

The American Bar Association's *Standards for Imposing Lawyer Sanctions* are used by the Court in considering the appropriate sanction for a violation of the Rules of Professional Conduct. *In re Morris,* 164 Ariz. 391, 793 P.2d 544 (1990). The Commission and the Hearing Officer were guided by the Standards, as well.

While Kobashi's conduct violated many ethical rules, by far the most serious offense in this matter is Kobashi's conversion and/or misappropriation of his client's $15,000. Standard 4.11, concerning failure to preserve a client's property, provides for disbarment when a lawyer knowingly converts client property and causes injury or potential injury to a client. Kobashi's client, following Kobashi's advice, gave him $15,000 to pay to the children to clear the title to her house. Kobashi accepted the money, but never delivered it to the children. Because of Kobashi's actions, his client lost $15,000 and failed to obtain clear title to her house.

Standard 4.4 indicates Kobashi's lack of diligence also warrants disbarment. Standard 4.41 provides for disbarment when a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client. Suspension is warranted when that injury is not serious. The Commission finds that the $15,000 loss to the client, which resulted from Kobashi's failure to follow through on his responsibilities, is a serious injury, regardless of the client's financial status.

The Hearing Officer and Commission also reviewed the aggravating and mitigating factors listed in Standards 9.22 and 9.32, respectively, as they relate to this matter. The

---

1. Rule 53(c)(1), Ariz.R.S.Ct.

Commission agrees with the Hearing Officer's analysis of these factors. Many factors were found in aggravation. Kobashi had a dishonest or selfish motive, he exhibited a bad faith obstruction of the disciplinary process by intentionally failing to comply with rules or orders of the disciplinary agency, and he refused to acknowledge the wrongful nature of his conduct. Kobashi also has substantial experience in the practice of law, having been admitted to practice in 1969, and has shown an indifference to making restitution. Finally, Kobashi has a prior disciplinary history, having been suspended earlier this year for six months and one day for violation of many of the same ethical rules, which establishes a pattern of misconduct.

Neither the Hearing Officer nor the Commission found the existence of any mitigating factors.

Kobashi's complete disregard for both his client and the disciplinary system is appalling. A client should be secure in the knowledge that he can have absolute trust in his attorney's ethics and honesty. Kobashi seriously breached that trust by taking his client's money. In addition, Kobashi failed to cooperate with the State Bar's investigation into this matter, and made no attempt to explain his lack of participation.

In determining the sanction appropriate for the misconduct, the focus is on such considerations as the maintenance of the integrity of the profession in the eyes of the public, the protection of the public from unethical or incompetent lawyers, and the deterrence of other lawyers from engaging in unprofessional conduct. *In re Murray,* 159 Ariz. 280, 767 P.2d 1 (1988). The Commission also considered the fact that the Court has stated that a lawyer's failure to respond to Bar inquiries borders on contempt for the legal system. *In re Galusha,* 164 Ariz. 503, 794 P.2d 136 (1990).

Upon review of these considerations, the Commission agrees with the Hearing Officer that the only appropriate result in this instance is disbarment; a lesser sanction would not provide the public with any basis for continued confidence in the Bar and the judicial system. The Commission also recommends that Kobashi make restitution of $15,000 to his client, with interest from July 31, 1991.

. . .

RESPECTFULLY SUBMITTED this 17th day of October, 1994.

/s/ Mark D. Rubin

Mark D. Rubin, Chairman
Disciplinary Commission